# PRACTICE REPORTS.

## SUPERIOR COURT.

### THE ACCESSORY TRANSIT COMPANY agt. CORNELIUS K. GARRISON.

A motion by a receiver to set aside a report of referee and judgment obtained against the party he represents, on the ground of collusion and fraud, will be denied, where the evidence produced, on the motion to sustain such ground, would be insufficient on an actual trial of issues formed in an action brought to secure the same object, to sustain the action. In other words, where it would be the duty of the court, in an action brought to obtain the relief sought by the motion, to dismiss the complaint for want of sufficient evidence to sustain the action, the motion will be denied.

That *adjournments* were not formally made from day to day, or from the time of one hearing to another, is in itself of no consequence, and does not amount to an irregularity in the proceedings, if both parties gave all the testimony they desired, and submitted the cause on such testimony to be decided by the referee.

*New - York Special Term, September*, 1859.

A JUDGMENT was entered in this action on the 13th of September, 1858, on the report of a referee, in favor of the defendant, made the 21st of May, 1858.

D. Colden Murray was appointed a receiver of the property and effects of this company, on the 31st of May, 1858; on the 13th of September, 1858, he was served with written notice of the entry of such judgment, as was also his attorney as such receiver, and as was also the attorney in the action of the said company.

VOL. XVIII.                    1

The Accessory Transit Company agt. Garrison.

The receiver now moves, pursuant to a notice dated the 27th of July, 1859, for an order vacating said judgment, and the said report of the referee, and the order of reference, and for "leave to proceed with such action, on the ground of irregularity in proceedings before the referee, and of fraud in obtaining such order of reference and entering said judgment, and on the other grounds set forth in the papers served, or for such other or such further relief as to the court shall seem meet."

JOHN SHERWOOD & S. N. TAYLOR, *for the plaintiffs.*
I. T. WILLIAMS & F. B. CUTTING, *for the defendant.*

BOSWORTH, Ch. Justice. There is no irregularity in the proceedings before the referee, so far as the form of procedure is concerned, which can affect the judgment. That adjournments were not formally made from day to day, or from the time of one hearing to that of another, is in itself of no consequence, if both parties gave all the testimony they desired, and submitted the cause on such testimony, to be decided by the referee. So far as regularity consists in conforming the proceedings to the settled practice, and in the observance of established rules and modes of procedure, there is no departure shown amounting to an irregularity that can affect the judgment.

There was no fraud in obtaining the order of reference, in the sense that any artifice or deception was practiced by the defendant to secure a referee, nor was the referee presumptively or in fact biased in his favor, nor was he deficient in capacity or general integrity. His position in all respects, which could possibly exert any influence over him, was well known to all parties, and presumptively would be favorable to the company. His appointment was authorized by a resolution of the company, was satisfactory to the defendant, and was ordered by the court, on the written consent of the attorneys of record, of both parties.

There was no fraud in obtaining such order, unless it was procured with the fraudulent intent and preconceived design

of going through the forms of a trial before the referee, and of so presenting the case as to secure by collusion with the referee, or without collusion on his part, a report in favor of the defendant, when in justice it ought to be in favor of the plaintiffs for a large amount. No facts are shown, which, if true, would furnish a motive for Mr. Vanderbilt, or any stockholder or officer of the company, to desire such a result. Some circumstances of suspicion are developed, as, for instance, in the testimony of Mr. Doyle; and these are founded not so much by anything which he proves affirmatively, as by his refusal (on grounds sustained by a learned and eminent referee) to answer certain questions put to him. Mr. Green's notes of the testimony of Mr. J. L. White (read on this motion), of testimony given, not in this action, but in another, that Vanderbilt said, " he was disposed to settle with Garrison, and was willing to settle with him," that " they had agreed upon terms of settlement," * * " that he had agreed to dismiss the suit," but if it was dismissed, he had been told, " the company would be liable to Chrysler, under their agreement with him," and thereupon the witness advised, as a mode by which that difficulty could be overcome, " a reference of the suit and a judgment of the court on the referee's report," is not necessarily inconsistent with good faith in Mr. Vanderbilt, and conscientious advice by Mr. White, even if it be assumed that Mr. Green's notes state the testimony given with substantial accuracy. What the terms agreed upon were, is not stated. They may have included an extinction of the claim of Garrison & Co., against the company, amounting to some $60,000, and have been that much more favorable to the company than the report of the referee. It is consistent with all that Mr. White is alleged to have said, that he supposed a regular reference and a full and fair trial would result in establishing no claim in favor of the company, more beneficial to it than the terms agreed upon. That for that reason he advised a reference, and not for the purpose of defrauding the stockholders and creditors of the company, by an abuse of judicial proceedings. This construction should be given to the declarations thus made and

advice given, unless the evidence forbids it. There is no evidence before me, inconsistent with good faith and an honest purpose on the part of both of these gentlemen, in respect to this question.

Mr. Garrison makes affidavit, that the statement in Mr. Green's notes of the testimony of Mr. White, " so far as the same relates to a dismissal of this action or a settlement thereof, so far as deponent's knowledge extends, and as deponent verily believes, is wholly untrue and without foundation." By this I understand him to mean, that it is wholly untrue, that there was, in fact, any settlement agreed upon between him and Vanderbilt, or that the cause was referred with any collusive design.

The counsel, who conducted the cause on behalf of the company before the referee, swears that so far as he is concerned, " he acted towards said company in good faith, and under the instructions of the board of directors of said company, without any fraud or collusion with said Garrison, or any other person."

The referee swears, that " he supposed and believed, and now believes, that said reference was made for the *bona fide* purpose of a full and fair trial of the matters in controversy between the parties, and in the usual and customary course of references in cases of a like character," and that he then believed, and now believes, that " he decided in strict conformity to the law and facts of the case, * * as presented to him on said reference."

Mr. Vanderbilt's answer to the complaint of Chrysler, in a suit brought by the latter against Vanderbilt and the said company, was read. That answer denies the statements made in that complaint as to an alleged settlement between him and Garrison ; Vanderbilt at the time of the alleged conversation between him and Mr. White, or at the time of the alleged settlement with Garrison, was not president of the Accessory Transit Company. The declarations of a third person as to what he said, however accurately reported, are not entitled to much consideration as evidence, on a question like the pres-

The Accessory Transit Company agt. Garrison.

ént, between the parties now before me. But, Mr. Vander-
bilt makes an affidavit on this motion, in which he swears that
he never settled this suit, " or any of the matters therein, with
said Garrison, or with any one on his account. That depo-
nent never said to, or in the hearing of J. L. White, nor any
one else, that he had so settled this action, or any matters there-
in, with said Garrison, or anything to that effect. That de-
ponent had no power to do so, and should not have deemed it
proper to interfere therewith, after he ceased to be the presi-
dent of said company aforesaid," which was the 4th of May,
1857.

It appears that Chrysler was the instigator of this suit, and
that it was brought upon an agreement between him and said
company, that he should have a specified per centage of the
net amount, which, by evidence of his procurement, should be
collected from Garrison. His suit against Garrison and the
company is brought to obtain an account of the amount re-
ceived as a consideration for the alleged settlement of the suit,
and not to recover damages on the ground of a fraudulent and
collusive settlement, whereby he has been prevented from es-
tablishing that Garrison really owed the company the large
sum which this suit was brought to recover.

To grant this motion, I must hold that the circumstances
sworn to, and which are claimed to show, or fairly tend to
show, a collusive settlement, should outweigh the direct denials
of the parties to the alleged settlement, and the denials of the
referee and of the counsel of the company, of there being any
such collusive purpose and intent, so far as they know or be-
lieve, either in obtaining the reference, or in conducting it.

To so hold, I must find upon the whole papers, at least a fair
*prima facie* case of fraud on the part of Vanderbilt and Garri-
son, as against the company, and that the referee and the com-
pany's counsel were privy to it, if not parties to it.

Such a proposition is too unreasonable, on the case as now
presented, to be entertained.

It must be borne in mind, that the judgment which the re-
ceiver seeks to set aside, on motion, was entered after an actual

trial, which was some months in progress, in which the cause, so far as the record speaks, was decided on its merits.

The receiver and his attorney were notified in writing of the judgment, on the day on which it was entered.

The counsel of the plaintiff swears that after the receiver was appointed, he called on the attorney of the receiver, and "informed him of the then state and condition of the action in general terms, and that the papers were before the referee," and gave said counsel "to understand that he deemed his connection with said suit, and his retainer as counsel for said company, terminated." This is not denied.

This case is different from those in which the court interferes by motion to open a judgment by default or to set aside a judgment entered on bond and warrant of attorney, obtained by some trick or device by which one party has been misled by the other.

In an action brought to obtain the relief sought by this motion, upon such evidence as is now presented before me, the duty to dismiss the complaint would be clear. It would be singular if it were to be set aside on motion, on less evidence than would suffice on an actual trial of issues formed in an action brought to secure the same object.

The motion must be denied. There is no reason to doubt the good faith of the receiver in making the motion, and it is, therefore, denied without costs. There is no reason why a reference should be ordered to ascertain whether the judgment was collusive and fraudulent, or was entered upon a report conscientiously made upon a trial had to ascertain the actual merits.

Such a reference cannot be conducted at much less expense, if any, than an action can be tried, which may be brought to secure the same result.

The receiver, without any permission from the court, if so advised, probably, has the power to bring an action for such a purpose, and to recover any sum which Garrison justly owed, if it can be established that he owed anything to the company. But that is a matter with which the court will not interfere on

behalf of the receiver, on such a state of facts as the evidence of this motion presents.

Motion denied without costs.